IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

APR 1 9 2023

CLERK, U.S DISTRICT CLERK
WESTERN DISTRICT TEXAS
BY_____
DEPUTY

GARY BRADLEY,                        §
                    PLAINTIFF,       §
                                     §
V.                                   §
                                     §    CAUSE NO. 1:22-CV-304-LY
                                     §
GATEHOUSE MEDIA TEXAS                §
HOLDINGS II, INC. D/B/A AUSTIN       §
AMERICAN-STATESMAN,                  §
                    DEFENDANT.       §

## ORDER ON REPORT AND RECOMMENDATION

Before the court in the above-referenced cause is Defendant Gatehouse Media Texas
Holdings II, Inc. d/b/a Austin American-Statesman's ("The Statesman") Rule 12(c) Motion for
Judgment on the Pleadings (Doc. #8) and all related briefing, which was referred to a United
States Magistrate Judge for Report and Recommendation. *See* 28 U.S.C. § 636(b); FED. R. CIV.
P. 72; Loc. R. W.D. Tex. App'x C, R. 1(d). The magistrate judge rendered a Report and
Recommendation on March 8, 2023 (Doc. #24), recommending that the court grant the motion in
part and dismiss all but one of Plaintiff Gary Bradley's claims.

A party may serve and file specific written objections to the proposed findings and
recommendations of a magistrate judge within 14 days after being served with a copy of the
report and recommendation and thereby secure *de novo* review by the district court. *See* 28
U.S.C. § 636(b); FED. R. CIV. P. 72(b). A party's failure to timely file written objections to the
proposed findings, conclusions, and recommendation in a report and recommendation bars that
party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed
factual findings and legal conclusions accepted by the district court. *See Douglass v. United
Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Bradley filed objections to the Report and Recommendation on March 22, 2023 (Doc. #25) and The Statesman filed objections on March 23, 2023 (Doc. #26). Both parties responded to the other party's objections (Docs. #27, 28). In light of the objections, the court will undertake a *de novo* review of the record and applicable law in this case.

Bradley objects to the magistrate judge's recommendation to dismiss Bradley's claims for negligence, breach of contract, and mental-anguish damages under the Deceptive Trade Practices Act (the "Act"). Having reviewed the objections related to mental-anguish damages and negligence, as well as The Statesman's response and entire case file, the court will overrule these objections. However, the court will sustain Bradley's objections related to the breach-of-contract claim. The court finds that Bradley alleges plausible facts to support that (1) a valid contract existed between Bradley and The Statesman (to run an ad in The Statesman on Bradley's behalf while maintaining Bradley's confidentiality as the ad's sponsor); (2) Bradley performed as contractually required (by paying the $3,400 fee); (3) The Statesman breached by failing to perform as contractually required (by mailing the invoice to a third party and thereby disclosing Bradley's identity); and (4) Bradley sustained damages due to the breach. *See Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019) (listing elements for breach-of-contract claim under Texas law). Drawing all inferences in Bradley's favor, the court concludes that Bradley states a valid claim for breach of contract.

The Statesman objects to the magistrate judge's determination that Bradley plausibly alleges an express-warranty claim under the Act. The Statesman argues that mailing the invoice to a third party does not constitute breach of any alleged warranty involving confidentiality. The Statesman also offers new arguments related to notice under the Act, causation, and the differences between warranties and contract terms. Because The Statesman did not raise these

arguments in briefing the motion, the court will not consider them. *See Hale v. Young*, 584 F. App'x 246, 247 (5th Cir. 2014) ("[I]ssues raised for the first time in objections to a magistrate's report are generally not properly before the district court."). Having reviewed the objections, Bradley's response, and the entire case file, the court will overrule The Statesman's objections.

**IT IS THEREFORE ORDERED** that Plaintiff Gary Bradley's objections to the Report and Recommendation (Doc. #25) are **SUSTAINED IN PART** as follows: the court finds that Bradley has plausibly alleged a breach-of-contract claim against The Statesman. In all other respects, Bradley's objections to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Gatehouse Media Texas Holdings II, Inc. d/b/a Austin American-Statesman's objections to the Report and Recommendation (Doc. #26) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the United States Magistrate Judge's Report and Recommendation (Doc. #24) filed in this cause is **APPROVED** and **ACCEPTED AS AMENDED AS FOLLOWS**:

**IT IS ORDERED** that Defendant Gatehouse Media Texas Holdings II, Inc. d/b/a Austin American-Statesman's Rule 12(c) Motion for Judgment on the Pleadings (Doc. #8) is **GRANTED IN PART AS FOLLOWS:** Bradley's claims for negligence and intentional infliction of emotional distress, as well as the claims for unconscionable conduct and mental anguish under the Deceptive Trade Practices Act, are **DISMISSED WITH PREJUDICE**. Bradley's claims for breach of contract, as well as the breach-of-express-warranty claim under the Deceptive Trade Practices Act, remain pending before the court.

SIGNED this _____ day of April, 2023.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE